UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMBAT ZONE CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-3927-B |
| | § | |
| JOHN/JANE DOES 1-13, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Combat Zone Corp.'s Motion to Expedite Discovery (doc. 3). For the reasons stated below, the Motion is **GRANTED in part** and **DENIED in part**. To the extent the motion is granted, Plaintiff is ordered to proceed according the included **PROTECTIVE ORDER**.

I.

BACKGROUND

Combat Zone produces, markets, and distributes adult entertainment products, including motion pictures. Combat Zone alleges in its complaint that it is the registered owner of the copyright to the motion picture entitled "Horny Black Babysitters #3." Combat Zone avers that the thirteen unknown defendants named in its complaint unlawfully reproduced and redistributed Plaintiff's copyrighted material through the use of the BitTorrent file transfer protocol. BitTorrent allows users to link together in a "swarm" in which each member of the swarm is simultaneously downloading and then uploading pieces of the full file. Each full file is identified by a unique identifier called a Hash,

which BitTorrent uses to facilitate the transfer of the pieces between each member of the swarm. In the end, each member of the swarm has a complete copy of the original file.

Combat Zone alleges that the thirteen unknown Defendants were members of a single BitTorrent swarm that illegally downloaded Plaintiff's copyright-protected work entitled "Horny Black Babysitters #3." Plaintiff has obtained the internet protocol ("IP") addresses assigned to the individual internet service subscribers believed to be the proper Defendants, but claims it can only further identify the infringers by way of further discovery propounded upon the alleged infringers' Internet Service Providers ("ISPs"). Pursuant to the Cable TV Privacy Act of 1984, 47 U.S.C. § 551, cable providers are prohibited from disclosing personally identifiable information pertaining to their subscribers without a court order. Thus, Combat Zone moves this Court for an order to allow it to serve subpoenas on the named ISPs to produce "any and all documents and /or information sufficient to identify the user, users or owners of the respective IP addresses . . . during the corresponding dates and times." Pl. Mot. Expedited Discovery ¶ 4. Plaintiff additionally moves for permission to conduct early discovery on each subscriber identified by the ISPs to determine whether the subscriber is the proper defendant or if someone else with access to the subscriber's internet connection is the alleged infringer.

The Court appointed an attorney ad litem to represent the yet-to-be-ascertained Defendants' interests and also permitted the ISPs listed in Exhibit 1 (doc. 3-1) of Plaintiff's Motion to respond to Plaintiff's Motion. Both the attorney ad litem and two of the listed ISPs have filed responses to Plaintiff's Motion and Plaintiff has replied, thus making this Motion ripe for decision.

## II.

## DISCUSSION

The attorney ad litem, in her well written brief, brings three challenges to Plaintiff's motion for expedited discovery that the Court will address in turn.

A.   *Personal Jurisdiction*

The plaintiff has the burden of establishing the court's personal jurisdiction over the defendant. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). "When the jurisdictional issue is to be decided by the court on the basis of facts contained in affidavits, a party need only present facts sufficient to constitute a prima face case of personal jurisdiction." *Bullion v. Gillespie, M.D.*, 895 F.2d 213, 217 (5th Cir. 1990). All conflicts between the facts contained in the parties' affidavits and other documentation must be resolved in the plaintiff's favor. *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

The ad litem argues that Combat Zone has failed to make a prima facie showing of personal jurisdiction over Defendants based on either their domicile within this judicial district or that the alleged infringing acts occurred in Texas. In its Complaint, Combat Zone alleges "Defendants are subject to personal jurisdiction in this district, and this case arises out of Defendants' action in this district" and that "each Defendant may be found in this judicial district and/or a substantial part of the infringing acts . . . occurred in this judicial district." Pl. Comp. ¶¶ 8-9. In support, Combat Zone offers Exhibit 2 attached to its Complaint, which purportedly lists the IP addresses of the 13 Defendants and the city from which the internet connection originated.

The ad litem offers multiple challenges to the use of IP addresses to ascertain the location of the subscribers. First, the ad litem offers its own evidence that 4 of the 13 IP addresses are located

outside this Court's jurisdiction. Defs. Ex. 1. The ad litem also argues that IP addresses can be "spoofed," which means a person can make their IP address appear as someone else's. Finally, the ad litem questions the methodology used by Combat Zone to acquire the location of each IP address, citing a 50-80% accuracy rate for geolocation of IP addresses when looking at the municipal level. *See Celestial Inc. v. Swarm Sharing Hash*, No. CV 12-00128 DDP (Ssx), 2012 U.S. Dist LEXIS 61058, at *4-5 (C.D. Cal. May 1, 2012).

The ad litem also argues that the Court should not allow jurisdictional discovery, citing similar copyright infringement suits against unknown defendants.[1] Courts have drawn attention to similar plaintiffs' use of federal courts to determine the defendants' personal information and then coerce a quick settlement before naming the defendants with the court. *See id.* The court may deny discovery requests where the plaintiff only offers speculation as to jurisdiction and where the plaintiff is waging a "fishing expedition" into jurisdictional facts. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003).

Combat Zone replies that it has sufficiently alleged the facts of the date, time, IP address, manner in which the infringement occurred, and location of the infringement to meet its prima facie case for personal jurisdiction. Combat Zone also replies to the ad litem's challenge to Combat Zone's search methodology with an affidavit from the investigator who conducted the IP address lookup. Pl. Reply Ex. 1 (doc. 11-1).

---

[1] The ad litem cites the following cases for their description of copyright plaintiffs seeking expedited discovery in pursuit of quick settlements: *See, e.g., Raw Films, Ltd. v. Does 1-32,* No. 3:11-CV-532-JAG, 2011 WL 6182025, at *3 (E.D. Va. Oct 5, 2011) (slip opinion); *Malibu Media, LLC v. John Does 1-24*, No. 12-cv-2070, 2012 WL 3400703, at *5 (D. Colo. Aug 14, 2012); *SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 SC, 2011 WL 6002620, at *4 (N.D. Cal. Nov. 30, 2011).

The Court concludes that at this early stage, when the only information known about Defendants are their IP addresses, the Court cannot make a determination as to personal jurisdiction. Based on the IP addresses and the evidence before the Court, it is clear that Plaintiff at least has a colorable belief that this Court has personal jurisdiction. While the Court is mindful of the potential for coercive settlements in this context, the countervailing concern, as discussed below in Section D, is the Plaintiff's right of recourse to protect its copyright. Therefore, because the Court is not aware of any other means to discern the identities of the subscribers attached to the listed IP addresses, the ad litem's personal jurisdiction attack fails at this early stage. *See Call of the Wild, LLC v. Does 1-1062*, 770 F.Supp. 2d 332, 345-46 (D.D.C. 2011). Once the Defendants have been identified, they may properly challenge the Court's jurisdiction.

B.      *Joinder of Doe Defendants*

Plaintiff joined defendants under the permissive joinder rule. Fed. R. Civ. P. 20. In order for Defendants in this case to be properly joined, the right to relief asserted against them must "arise out of the same transaction, occurrence, or series of transactions or occurrences" and there must be a question of law or fact common to all defendants. *Id.* When parties are misjoined, the court may at "any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Combat Zone alleges in its complaint that each of the Doe defendants participated in a BitTorrent swarm to illegally reproduce its motion picture within a span of five days. Combat Zone alleges that the very nature of BitTorrent, where members of the swarm are downloading and uploading pieces of the file to eventually comprise the whole, means that Defendants actions arise out of the same series of occurrences.

Courts are split on the issue of whether defendants' participation in a BitTorrent swarm qualifies the defendants for joinder under Rule 20. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239,

243-44 (S.D.N.Y. 2012) (collecting cases on both sides); *See also Well Go USA v. Unknown Participants in Filesharing Swarm*, 4:12-CV-00963, 2012 WL 4387420, at *3-4 (S.D. Tex. Sept. 25, 2012) (collecting cases). Here, Combat Zone alleges that "[b]ecause it is the exact same Motion Picture, using the exact same Hash, in the same general timeframe" the events are common to all defendants and they are properly joined. Pl. Comp. ¶ 54.

The argument against joinder proceeds as follows. First, based on BitTorrent Protocol, it is not necessary that each Doe participated or contributed to the downloading of the other defendants' copies of the Motion Picture. *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011).

> Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Id.* Thus, under this line of reasoning, Plaintiff has not presented evidence that these specific Defendants actually exchanged "pieces" in this BitTorrent swarm. The argument continues that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992, at *2 (E.D.N.C. Feb. 27 2008). Even further, the claim against each defendant is unique with unique damage claims and defenses which may lead to a mini-trial for each defendant. *See UMG Recordings, Inc. et al. v. Does 1-51*, No. A-04-CA-704 LY (W.D. Tex. Nov. 17, 2004); *see also LFP Internet Group LLC v. Does 1-1,106*, No. 3:10-CV-2096-F, at 4 (N.D. Tex. Feb. 10, 2011).

The argument in favor of joining the Doe defendants proceeds as follows. Permissive joinder should be liberally construed because "the impulse is toward entertaining the broadest possible scope

of action consistent with fairness to the parties; [and] joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Regarding the requirement that the Defendants be linked by the same transaction, occurrence or series of transactions or occurrences, at this early stage Plaintiff should be allowed to join defendants together because the alleged Defendants participated in a BitTorrent swarm to illegally download the copyrighted work within a five days of each other. Further, joinder at this point would avoid prejudice and needless delay to the plaintiff. *See Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 344 (D.D.C. 2011).

The argument in favor of joinder continues to the second requirement under Rule 20 of a common question of fact or law. Plaintiff argues the question of the validity of the copyright in the Motion Picture and infringement of said copyright is common to each Defendant. Additionally, Plaintiff alleges Defendants all used BitTorrent to illegally download the motion picture, which presents another common fact question.

The Court finds, based on the above stated allegations that Defendants downloaded the same file, using the same BitTorrent Hash, within 5 days of each other, that at this point there is enough evidence of a common series of occurrences. Additionally, the Court finds common questions of fact and law to each Defendant in the form of the validity of the copyright held by Plaintiff and the use of BitTorrent by each Defendant. At this point, the Defendants are therefore properly joined under Rule 20. But again, just as stated in regards to personal jurisdiction, once Defendants are identified the Court will again entertain a challenge to the permissive joinder.

C.      *Propriety of Expedited Discovery to Identify Doe Defendants*

This Motion for expedited discovery is one of many filed by copyright holders across the

country seeking to identify and serve BitTorrent swarm participants. *See Combat Zone Corp. v. John/Jane Does 1-5*, No. 3:12-cv-4005-M, 2012 WL 5289736, at *1 (N.D. Tex. Oct 26, 2012). Courts have weighed several factors in determining whether such early discovery is appropriate, including: (1) whether the plaintiff makes a prima face showing of harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the necessity of the subpoenaed information to advance the claim; and (5) the user's expectation of privacy. *Id.*

As to the first factor, Combat Zone has made a prima facie showing of harm by alleging that it owns the copyright at issue and that Defendants made unauthorized reproductions of the copyrighted material. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Combat Zone has provided the copyright certificate of registration as well as a listing of the IP addresses of the alleged infringers. So far as the second factor regarding the specificity of the discovery request, Combat Zone seeks an order "authorizing Plaintiff to serve subpoenas instructing the ISPs to produce any and all documents and/or information sufficient to identify the user or users" of the IP addresses Combat Zone has identified. Pl. Mot. Expedited Disco. ¶ 17. The Court finds this request satisfies the second factor.

The third factor, the absence of alternative means to obtain the subpoenaed information, also weighs in favor of Combat Zone. In fact, a court that conducted an extensive survey of similar motions to expedite discovery found "no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers. Thus, without granting Plaintiff's request, the defendants cannot be identified or served and litigation cannot proceed." *Digital Sin, Inc.*, 279 F.R.D. at 241-42. This Court agrees that there is no identifiable alternative means to obtaining the Defendants' identities. Therefore, for this same reason, factor four is satisfied, as

without the subpoenaed information Plaintiff cannot proceed in its claim. Finally, the subscribers' expectation of privacy will be guarded by the protective order to accompany the subpoena. Therefore, all factors regarding the propriety of expedited, early discovery weigh in favor of Combat Zone.

D. *Nature of This Litigation*

Numerous other courts have expressed concern that suits such as this one are not actually concerned with reaching the merits of the alleged copyright infringement, but instead are a calculated tactic by the plaintiff to extract early and profitable settlements. Def. Resp. 1; *see also Malibu Media, LLC*, 2012 WL 3400703, at *5; *see also SBO Pictures*, 2011 WL 6002620, at *4. The thinking goes that once a defendant is named in a suit for illegally downloading a video entitled "Horny Black Babysitters #3," the damage is done. The named defendant will be linked to the embarrassing allegation, regardless of whether the defendant did or did not actually download the video. Thus, once Combat Zone subpoenas the ISPs and gets the names of the individuals attached to each IP address, all defendants will settle for a figure just less than their cost of defense to avoid the humiliation, deserved or not, of being connected to the illegal download of pornography.

Other courts have pointed out that the copyright-owning-plaintiffs are using the courts as an inexpensive means to gain the Doe defendant's personal information and coerce payment from them and that the plaintiffs have no interest in actually litigating the cases. *Raw Films, Ltd. v. John Does 1-32*, Civil Action No. 3:11cv532-JAG, 2011 WL 6182025, at *2 (E.D. Va. Oct. 5, 2011). One court found improper joinder and observed:

> The federal courts are not cogs in plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. By requiring Malibu to file separate

lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it.

*Malibu Media, LLC v. John Does 1–10*, Case No. 2:12–cv–3623–ODW, 2012 U.S. Dist. LEXIS 89286, at *8-9 (C.D. Cal. June 27, 2012).

But on the other hand is a copyright holder that has evidence its motion picture has been illegally downloaded. As Combat Zone argues, "[t]he potential for public embarrassment does not eliminate the right of a copyright owner to legally prosecute claims against violators of its validly obtained and federally-recognized rights." Pl. Reply 7 n.2 (doc. 10).

While both arguments raise reasonable concerns, at this juncture the Court finds the balance tips slightly in favor of the copyright holder. There are only 13 potential defendants, in contrast to other cases with a cast of Doe defendants in the thousands. Also, each infringer used the same BitTorrent Hash within a 5-day time frame from what appear to be locations within the jurisdiction of the Court. This Court has not been presented, nor has it found through its own research, any evidence that Plaintiff has engaged in the type of abusive settlement practices that have been condemned by courts in other cases.

Therefore, the Court **GRANTS** Plaintiff's Motion for Expedited Discovery, as tempered by the included Protective Order.

E.   *Additional Discovery*

Combat Zone also requests leave to conduct early discovery on each Defendant once his/her identity is ascertained in the form of depositions, interrogatories, or admissions. Plaintiff has failed to provide adequate reasons beyond the interests of judicial economy and therefore the request for

early discovery beyond subpoenas on the ISPs is hereby **DENIED**.

### III.

### CONCLUSION

For the reasons stated above, Plaintiff's Motion for Expedited Discovery is **GRANTED in part and DENIED in part**. Plaintiff's motion is granted in that it may serve Rule 45 subpoenas on the listed ISPs pursuant to the attached Protective Order. Plaintiff's motion is otherwise denied, including Plaintiff's request to conduct additional early discovery.

**SO ORDERED.**

**SIGNED: January 22, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMBAT ZONE CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-3927-B |
| | § | |
| JOHN/JANE DOES 1-13, | § | |
| | § | |
| Defendants. | § | |

## PROTECTIVE ORDER

District courts may issue a protective order for good cause in order to spare parties "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). Plaintiff admits that the subscribers linked to each IP address may not be the proper Defendant and as such the Court finds that good cause for a protective order exists. *See* Pl. Mot. Expedited Disco. ¶ 4. Thus the Court **ORDERS** the following:

Combat Zone may immediately serve a Rule 45 subpoena on the ISPs listed in Exhibit 2 to the Complaint (doc. 1) to obtain the names, current and permanent addresses, telephone numbers, email addresses, and MAC addresses of those individuals associated with the IP addresses also listed in Exhibit 2. Combat Zone must attach a copy of this Order to each subpoena.

Each ISP will have thirty days from the date of service of the Rule 45 subpoena to serve the identified Doe Defendants with copies of the subpoena and this Order. Each ISP may serve Does 1-13 using reasonable means, including written notice sent to the Defendant's last known address, using either first-class mail or overnight service.

Does 1-13 shall have sixty days from the date of service of the Rule 45 subpoena and this Order to file any motions with this Court contesting the subpoena as well as any request to litigate this subpoena anonymously. No ISP may turn over a Defendant's identifying information before the sixty-day period has lapsed. Further, if a Defendant or ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Combat Zone until this Court rules on that motion. A Defendant or ISP who moves to quash or modify, or to proceed anonymously, must immediately notify all ISPs so that the ISPs are on notice not to release any of the other Defendants' identifying information until the Court rules on that motion.

If the sixty day period expires without any motion contesting the subpoena, the ISPs will have fourteen days to produce the subpoenaed information to Combat Zone.

Each ISP must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash. Any ISP may file a motion to raise any undue burden caused by this preservation obligation or any other requirement of this order.

Each ISP must confer with Combat Zone. The ISPs may not assess any charge in advance of providing the information requested in the subpoena. Each ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost report to Combat Zone.

Any information ultimately disclosed to Combat Zone in response to a Rule 45 subpoena may be used by Combat Zone only for the purpose of protecting its rights as asserted in its complaint. The information disclosed is limited to use by Combat Zone in this litigation and may not be disclosed other than to counsel for the parties.

SO ORDERED.

SIGNED: January 22, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 3 -